UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CONNIE S. HAMILTON, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:13-cv-01584-AC |
| ) | |
| v. ) | **FINDINGS AND** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ACOSTA, Magistrate Judge:**

Connie Hamilton ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Because the Commissioner's decision is supported by substantial evidence, the decision should be AFFIRMED.

### *Procedural Background*

Plaintiff filed her applications for DIB and SSI on April 5, 2010, alleging disability as of April 7, 2009. (Tr. 18, 206.) The Commissioner denied her applications initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 18.) After an administrative hearing, the ALJ issued a decision on April 20, 2012, finding plaintiff not disabled. (Tr. 29-30.) The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision final. (Tr. 1-3.) This appeal followed.

### *Factual Background*

Born in September, 1965, plaintiff was 47 years old on her alleged onset date. (Tr. 206.) She alleges disability due to social anxiety and bipolar disorder. (Tr. 55, 347.) Plaintiff speaks English, completed four years of college, and earned a certified nursing assistant ("CNA") license in 2008. (Tr. 41-42, 238, 254.) She has past work experience as a cook, a warehouse worker, and as a CNA. (Tr. 239.)

### *Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may

not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the

Page 3 – FINDINGS AND RECOMMENDATION

Commissioner. *Yuckert*, 482 U.S. at 141. At step five, the Commissioner must establish that the claimant can perform other work. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

### *The ALJ's Findings*

The ALJ performed the sequential analysis. At step one, she found that plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 20.) At step two, the ALJ concluded that plaintiff had the severe impairments of a bipolar or depressive disorder, and a history of alcoholism and drug abuse. *Id.* At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 21.)

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff has the residual functional capacity to perform work at all exertional levels, so long as the work is limited to simple, routine, repetitive tasks involving occasional to minimal social interaction. (Tr. 22.) At step four, the ALJ found that plaintiff was able to perform her past relevant work as an industrial cleaner. (Tr. 28.) At step five, the ALJ also determined that plaintiff could perform jobs that exist in significant numbers in the national economy, including warehouse worker. (Tr. 29.) The ALJ therefore concluded that plaintiff was not disabled. (Tr. 29-30.)

### *Discussion*

Plaintiff argues that the ALJ erred by (1) failing to fully develop the record, and (2) improperly rejecting the lay witness testimony.

I.      Failure to Develop the Record

Page 4 – FINDINGS AND RECOMMENDATION

Plaintiff first argues that the ALJ erred by failing to fully develop the record with respect to plaintiff's alleged mental impairments, because she did not examine plaintiff's counseling records from NW Catholic Counseling Services. The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ has a duty to develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). The Social Security Regulations require the Commissioner to develop a claimant's medical record as follows: "Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application." 20 C.F.R. §§ 404.1512(d), 416.912(d). "A specific finding of ambiguity or inadequacy of the record is not necessary to trigger [the ALJ's] duty to inquire, where the record establishes ambiguity or inadequacy." *McLeod*, 640 F.3d at 885.

Plaintiff attended counseling sessions at NW Catholic Counseling Services beginning in 2006. (Tr. 494.) On September 5, 2008, Sarah Williams, P.M.H.N.P., assessed plaintiff's GAF score as 70, indicating no more than mild symptoms or functional limitations. (Tr. 498.) In December, 2009, plaintiff discontinued outside counseling, and reported that she was doing "fairly well" and was not experiencing auditory or visual hallucinations. (Tr. 577.) At that time, plaintiff's objective mental status signs were normal and her emotional range was appropriate. (Tr. 577-78.)

While plaintiff's counseling records were not before the ALJ when she rendered her decision, the ALJ heard testimony and reviewed other medical evidence regarding plaintiff's mental health symptoms and limitations. Plaintiff testified before the ALJ that although she is physically capable of performing domestic work, she cannot seek work because she gets very

Page 5 – FINDINGS AND RECOMMENDATION

agitated if she is out of her home for more than a couple of hours. (Tr. 54.) She testified regarding her employment history, explaining that she had quit or been fired from most of her past jobs. (Tr. 41-52.) She testified that she is disabled by her social anxiety, which prevents her from working. (Tr. 55.) She has difficulty getting along with others. (Tr. 57.) Plaintiff has struggled with alcohol abuse and has been through several alcohol and drug treatment programs. (Tr. 59-60.) She testified that she is able to stay sober because she is not working, and that she could not "hold a job and stay sober at the same time." (Tr. 61.) She attends church every Saturday but does not have any friends. (Tr. 64.) Plaintiff testified that she feels that she is being watched all the time, and that people hate her. (Tr. 70.) She claimed to occasionally hear voices and experience hallucinations. (Tr. 70-71.) Plaintiff also worked for 10 weeks as a certified medication aide in 2010. (Tr. 23.) The ALJ found plaintiff not fully credible in her testimony, and plaintiff does not challenge this finding. *Id.*

The ALJ considered plaintiff's VA treatment records, including notes from mental health group counseling sessions. (Tr. 21, 393.) These records include a note that plaintiff cancelled an appointment with the VA clinic because she was doing well and feeling more stable. (Tr. 24, 418.) The ALJ also credited the opinions of consultative agency physicians regarding plaintiff's mental health. (Tr. 26-27.) For example, consultative physician Robert Henry, Ph.D., opined on October 27, 2010 that plaintiff could perform short, simple tasks. (Tr. 114-16). The ALJ gave "some weight" to Dr. Henry's opinion. (Tr. 27.)

On this record, the Court is satisfied that the evidence of plaintiff's mental health limitations, while somewhat limited, does not raise an ambiguity regarding plaintiff's mental health limitations. Further, the Court finds that the record provides an adequate basis for the ALJ's evaluation of the extent of plaintiff's mental health limitations. Plaintiff has failed to

Page 6 – FINDINGS AND RECOMMENDATION

show how the omission of NW Catholic Counseling Services records caused harmful error, because she fails to identify any limitations substantiated by those records that were omitted from the RFC. *See Molina*, 674 F.3d at 1104 (the ALJ's failure to discuss evidence is harmless if that evidence is "inconsequential to the ultimate disability determination" in the context of the record as a whole). The ALJ's decision should be affirmed.

II.     Rejection of the Lay Witness Testimony

Plaintiff also argues that the ALJ improperly rejected the lay testimony of her mother, Patricia Hamilton. The ALJ must to provide "germane reasons" for rejecting lay testimony. 20 C.F.R. § 404.1513(d)(1); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ need not discuss every witness's testimony, and "if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina*, 674 F.3d at 1114. Inconsistency with other evidence in the record is a germane reason for rejecting the testimony of a lay witness. *Lewis*, 236 F.3d at 511. It is not reversible error to reject lay testimony when "the lay testimony described the same limitations as [claimant's] own testimony, and the ALJ's reasons for rejecting [claimant's] testimony apply with equal force to the lay testimony." *Molina*, 674 F.3d at 1122.

Ms. Hamilton, appeared and testified at the hearing before the ALJ. (Tr. 76-81.) She also completed a third party function report regarding plaintiff's symptoms and limitations. (Tr. 244-54.) Ms. Hamilton stated that plaintiff suffers from anxiety, anger problems, and crying spells. (Tr. 24, 78-79.) The ALJ considered Ms. Hamilton's statements and found her generally credible regarding plaintiff's activities, but rejected Ms. Hamilton's statements regarding plaintiff's functional limitations as "not fully credible." (Tr. 26-27.) In rejecting lay testimony, it is sufficient to provide "arguably germane reasons;" the ALJ need not "clearly link [her]

Page 7 – FINDINGS AND RECOMMENDATION

determination to those reasons." *Lewis*, 236 F.3d at 512. Here, the ALJ credited the opinion of examining physician Matthew Hansen, M.D., who evaluated plaintiff on June 10, 2010, found "no limitations based on the objective exam findings." (Tr. 26, 363-66.) While not clearly linked to her rejection of Ms. Hamilton's statements, the ALJ's evaluation of the medical evidence provided a germane reason for rejecting the limitations set forth in Ms. Hamilton's lay testimony. *Lewis*, 236 F.3d at 512. The ALJ's decision should be affirmed.

## *Recommendation*

The Commissioner's decision is supported by substantial evidence in the record, and should therefore be **AFFIRMED**.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 15th day of September 2014.

JOHN V. ACOSTA
United States Magistrate Judge